CURRY v. STATE.    (No. 4009.)

(Court of Criminal Appeals of Texas.    March 29, 1916.)

CRIMINAL LAW ⊜⟹1090(16)—APPEAL—NECESSITY OF STATEMENT OF FACTS AND BILL OF EXCEPTIONS.

Questions raised in a motion for a new trial cannot be reviewed where the record contains no statement of facts or bills of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2822, 2948, 3204; Dec. Dig. ⊜⟹1090(16).]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

John Curry was convicted of manslaughter, and he appeals.    Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J.    Appellant was convicted of manslaughter, and his punishment assessed at two years' confinement in the state penitentiary.

No statement of facts accompanies the record; neither does it contain any bills of exception. Under such circumstances there is no question raised in the motion for a new trial we can review.

The judgment is affirmed.

---

BARNES v. STATE.    (No. 4017.)

(Court of Criminal Appeals of Texas.    March 22, 1916.)

INTOXICATING LIQUORS ⊜⟹205(2) — INDICTMENT—CHARGE OF FELONY.

An indictment for selling intoxicating liquors, merely charging that the local option law, had been adopted prior to the presentment of the indictment, giving no date, and alleging a sale subsequent to the enactment of the felony statute of 1911 (Pen. Code 1911, art. 597), providing that, if the local option election was held prior to the passage of the act, an illegal sale of liquors shall be a misdemeanor, but that, if the election was held after the passage of the act, the offense shall be a felony, presented on its face a felony charge.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 225; Dec. Dig. ⊜⟹ 205(2).]

Appeal from Young County Court; W. P. Stinson, Judge.

Cleve Barnes was convicted of selling intoxicating liquors, and he appeals.    Judgment reversed, and cause remanded.

See, also, 184 S. W. 510.

Brooks & Worsham, of Dallas, for appellant.    C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J.    Appellant was convicted under an indictment charging him with on or

about the 30th day of December, 1913, selling to Gran Glenn intoxicating liquors, and his punishment assessed at imprisonment in the county jail for 60 days and a fine of $100.

Appellant moved to quash the indictment because the date was not alleged in the indictment when the local option election was held, on the ground that under the allegations contained in the indictment the county court had no jurisdiction of the offense. The indictment alleged the sale to have been made on December 30, 1913, and nowhere alleges when the election was held in Young county. By an act of the Legislature passed in 1911 (Pen. Code 1911, art. 597) it is provided that, if the election was held prior to the passage of that act, the offense would be a misdemeanor; if the election was held after the passage of that act, the offense would be a felony. We had this question before this court in Head v. State, 64 Tex. Cr. R. 112, 141 S. W. 536, Hamilton v. State, 65 Tex. Cr. R. 508, 145 S. W. 348, and other cases, in which it was held that an indictment merely alleging that the local option law had been adopted prior to the presentment of the indictment, giving no date and alleging a sale subsequent to the enactment of the felony statute, presented on its face a felony charge.

The judgment is reversed, and the cause remanded.

DAVIDSON, J., absent.

---

BARNES v. STATE.    (No. 4016.)

(Court of Criminal Appeals of Texas. March 22, 1916.)

Appeal from Young County Court; W. P. Stinson, Judge.

Cleve Barnes was convicted of selling intoxicating liquors, and he apppeals.    Judgment reversed, and cause remanded.

Brooks & Worsham, of Dallas, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J.    This is a companion case to cause No. 4017, Cleve Barnes v. State, infra, this day decided.    It is unnecessary to discuss the questions in this case.

On the authority of the opinion in the above-styled cause, this judgment is reversed, and the cause remanded.

DAVIDSON, J., absent.